UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80280-CIV-MARRA

RAY A. RANSOM,

Plaintiff,

vs.

EQUIFAX INCORPORATED,
and MYFICO.COM,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant myFICO Consumer Services, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 9).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Ray Ransom ("Plaintiff"), proceeding *pro se*, filed suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on January 23, 2009 against Defendants Equifax Incorporated ("Equifax") and myFICO.com ("myFICO")  On February 24, 2009, Equifax filed both a Notice of Removal and an Answer to the Complaint. (DE 1.)

The allegations of the Complaint concern the reduction of Plaintiff's FICO credit score[1] on Plaintiff's Equifax credit report.  According to the allegations of the Complaint, which the Court must assume to be true for the purpose of this motion, Plaintiff made numerous

---

[1] A FICO credit score is based on a mathematical formula created by the Fair Isaac Corporation.

unsuccessful efforts to correct the errors that led to the reduction in his score.  As a result, Plaintiff was denied credit and forced to borrow money at higher interest rates.  Plaintiff states that myFICO, a subsidiary of Equifax, issues credit scores and credit reports to clients and contracted creditors. (Compl. ¶ 5.)

Plaintiff brings four counts against both Defendants.  The first count alleges a violation of the Fair Credit Reporting Act ("FCRA") and claims that Defendants did not comply with the duties required as furnishers of information to consumer reporting agencies pursuant to 15 U.S.C. § 1681s-2 of the FCRA. (Compl. ¶¶ 39-43.).  The second count is entitled "loss of opportunity" and states that Defendants' conduct resulted in the denial of credit, excessive interest, finance charges and credit-damaging inquiries to Plaintiff. (Compl. ¶¶ 45-48.)  This count cites 15 U.S.C. § 1681n of the FCRA.   Count three is for defamation and alleges that Defendants, both "major credit reporting agenc[ies]" "published to the Bank of America, mortgage companies, and others the erroneous information that Plaintiff was severely delinquent in paying on his account, had missed a payment in March 2008, and had a below average credit score of 664." (Compl. ¶ 52.)  Defendants "published this information in writing through Equifax, a major credit reporting agency and myFICO, a major credit reporting agency." (Compl. ¶ 53.)  Count four is labeled negligence and cites to 15 U.S.C. § 1681o.

Defendant myFico moves to dismiss the Complaint on the following grounds: (1) myFico is not subject to liability under the FCRA because it is not a credit reporting agency nor a furnisher of information to credit reporting agencies and Plaintiff has not alleged that myFICO is such an entity; (2) Plaintiff has not alleged elements to support a claim for loss of opportunity and (3) the defamation claim lacks the necessary elements or specificity and the factual

allegations contradict each other.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Discussion

After careful review of the Complaint and the arguments made by Defendant, the Court believes that the best course of action is for Plaintiff to re-plead the Complaint. The Court

believes that the filing of an amended complaint would serve to clarify the theory of liability under the FCRA that Plaintiff wishes to pursue.

For example, although count one of the Complaint seeks relief against myFICO as a furnisher of information, the factual allegations of the Complaint do not allege that myFICO is a furnisher of information.  Instead, count one of the Complaint merely quotes from section 1681s-2 of the FCRA that pertains to the duty of furnishers of information.  Thus, it is unclear whether Plaintiff is seeking to hold myFICO responsible as a furnisher of information.  This is particularly unclear because Plaintiff has alleged elsewhere in the Complaint that myFICO is a credit reporting agency. (Compl. ¶¶ 52-53.)

Should Plaintiff choose to amend his Complaint and include allegations that myFICO is a furnisher of information, Plaintiff should be aware that under the FCRA entities that furnish information to consumer reporting agencies have two obligations: (1) they must provide accurate information and (2) upon receipt of a notice of a dispute, undertake an investigation regarding credit information that is furnished.  15 U.S.C. § 1681s-2.  The Court directs Plaintiff to the following cases for examples of entities that have been found to be furnishers of information by district courts in this judicial circuit.  See, e.g., Lofton-Taylor v. Verizon Wireless, No. 05-0532-CG-B, 2006 WL 3333759 (S.D. Ala. Nov. 14, 2006) (Verizon Wireless); Acosta v. Campbell, No. 6:04CV761ORL28DAB, 2006 WL 146208 (M.D. Fla. Jan. 18, 2006) (CitiMortgage).  Plaintiff, however, is cautioned that should he allege that myFICO is a furnisher of information, he must do so in good faith or he may be subject to sanctions pursuant to Rule 11 of the Federal

Rules of Civil Procedure.[2]  These sanctions may include ordering Plaintiff to pay Defendant's attorney's fees and costs.

With respect to count two, Plaintiff has merely listed his alleged damages incurred as a result of Defendants' actions.  Plaintiff also references 15 U.S.C. § 1681n (Compl. ¶ 50) which provides the statutory authority for civil liability for willful noncompliance with the FCRA and permits an award of punitive damages.  See Levine v. World Financial Network National Bank, 554 F.3d 1314, 1318 (11th Cir. 2009); Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 & n.4 (11th Cir. 1991); Cousin v. Trans Union Corp., 246 F.3d 359, 372 (5th Cir. 2001).  In other words, "loss of opportunity" does not appear to be a cause of action.  Thus, count two is dismissed as a cause of action.

Next, turning to count three, the Court will grant Plaintiff leave to amend the defamation claim.  To assert a defamation claim, Plaintiff must allege that myFICO published to third parties false information about Plaintiff which caused him injury.  See Razner v. Wellington Regional Med. Ctr., Inc., 837 So. 2d 437, 442 (Fla. Dist. Ct. App. 2002); Valencia v. Citibank International, 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999) (elements of common law defamation claim).  In addition, the FCRA also requires Plaintiff to allege that myFICO acted maliciously and willfully.  15 U.S.C. § 1681h(e); Bermudez v. Equifax Information Svcs., Inc., No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008) ("the FCRA preempts any claim for common law defamation based on a credit report unless the inaccurate information was furnished with malice or willful intent to injure the plaintiff").  Here, Plaintiff

---

[2] The Court also notes that whether or not there is a private right of action under the FCRA against a furnisher of information is an open question.  See Young v. Equifax Credit Info. Svcs., Inc., 294 F.3d 631, 639 (5th Cir. 2002).  At this point, the Court need not resolve this issue.

has not adequately alleged that myFICO maliciously published a false statement about Plaintiff to a third party. Cf. Beuster v. Equifax Information Svcs., 435 F. Supp. 2d 471, 480 (D. Md. 2006) (malice established when the plaintiff disputed the account and the bank was unable to find his credit application but the bank continued to represent that the plaintiff owned the account). Instead, Plaintiff has alleged that the information provided by *Equifax* to third parties caused him injuries. (Compl. ¶¶ 22-23.)  Plaintiff simply lumps the accusations against Equifax and myFICO together without specifying what information myFICO provided to which third parties. (Compl. ¶¶ 52-53.)  Therefore, Plaintiff must amend the Complaint to clarify and specify the factual underpinning of each element of the defamation claim against myFICO.

Lastly, count four is labeled "negligence" and references section 1681o of the FCRA which "provides for statutory authority for civil liability for negligent noncompliance with the FCRA." Cousin, 246 F.3d at 366 citing 15 U.S.C. § 1681o(a).  This count, however, does not allege a violation of the FCRA.  Thus, it is not a separate cause of action and must be dismissed as a cause of action.

The following guidance may be helpful to both parties in going forward.  Plaintiff is proceeding *pro se* and his pleadings will therefore be liberally construed.  However, the Court will not rewrite an otherwise deficient pleading in order to sustain an action.  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Plaintiff must in good faith make a determination as to whether it will choose to proceed against myFICO under the FCRA as a furnisher of information, a credit reporting agency, or at all.   With respect to myFICO, the Court notes that many of the arguments raised in the motion to dismiss relied on matter outside of the pleadings.  It is axiomatic that on a motion to dismiss, the scope of the

Court's review is limited to the four corners of the complaint. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). Thus, in the event that myFICO should move to dismiss the amended complaint, myFICO should refrain from making these arguments.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that myFICO's Motion to Dismiss Plaintiff's Complaint (DE 9) is **GRANTED**.  Plaintiff is granted leave to amend counts one and three. Counts two and four are dismissed.  Plaintiff shall filed an amended complaint **within twenty days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September, 2009.

_____
KENNETH A. MARRA
United States District Judge