UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80280-CIV-MARRA

RAY A. RANSOM,

Plaintiff,

vs.

EQUIFAX INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Equifax Inc.'s Motion for Summary Judgment (DE 43). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom in the light most favorable for the plaintiff, for the purpose of this motion, are as follows:

Equifax Inc. is a holding company and has no income except for that derived from its ownership interests in its subsidiaries and affiliates. (Kathryn Harris Decl. ¶ 2.) Equifax Inc. is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information or any other information on consumers for the purpose of furnishing reports on such consumers to third parties. (Harris Decl. ¶ 4.) Equifax Inc. is not a consumer reporting agency ("CRA"). (Harris Decl. ¶ 10.) Equifax Inc. has not engaged in the business or practice of assembling or evaluating any type of information on consumers for the purpose of

furnishing reports on such consumers to third parties at any time during the period from 1977 through the present.  (Harris Decl. ¶ 5.)  Equifax Inc. did not receive, assemble or otherwise deal with any consumer credit information or any other information on Plaintiff Ray Ransom ("Ransom").  (Harris Decl ¶ 6.)  Equifax Inc. did not prepare or furnish a credit report or any other type of report on Mr. Ransom.  (Harris Decl. ¶ 7.)  At no time during the period from 1977 to the present did Equifax Inc. own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information concerning Mr. Ransom. (Harris Decl ¶ 8.)  Equifax Inc. is not a furnisher of information to a CRA. (Harris Decl ¶ 9.)   Equifax Information Services LLC ("EIS") is a CRA. (Harris Decl. ¶ 11.)

    Mr. Ransom admits that he made several late payments on a Department of Education loan and that the loan went into default. (Ransom Dep. at 24-25, 50-52.)  Mr. Ransom received a letter from the U.S. Department of Education, Federal Student Aid, dated October 23, 2008.  That letter states that the loan ending in -1301 was in default and that credit bureaus may choose to continue to carry information concerning the default of a loan as part of a borrower's credit history even though the indebtedness to the Department of Education has been satisfied.  In addition, the letter states that the Department of Education notified the credit bureaus that Mr. Ransom's defaulted student aid debt was satisfied; however, that notification did not "delete the credit line reference, but only update[d] it to show a zero balance."  (October 23, 2008 Letter, Ex. C, attached to DE 44.)   The Department of Education loan ending in -1301 is the account at issue in this case. (Ransom Dep. at 65.)

## II.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

Mr. Ransom's Amended Complaint brings one count for a violation of the Fair Credit Reporting Act ("FCRA"). Mr. Ransom alleges that Equifax, Inc. violated the FCRA when it "failed to promptly correct disputed information in Plaintiff's credit file, although it had reasonable cause to believe that the information was inaccurate, and furnished same to third parties causing Plaintiff harm." (Am. Compl. ¶ 45.) Equifax, Inc. moves for summary judgment on the basis that the undisputed evidence demonstrates that it is not a consumer reporting agency and it did not prepare a consumer report concerning Mr. Ransom.

A "consumer reporting agency" is defined under 15 U.S.C. § 1681a(f) as:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

A consumer report is defined under 15 U.S.C. § 1681a(d)(1) as

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or

4

mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes.

Under this clear statutory language, and based on the evidence presented, the Court finds, as a matter of law, that Equifax, Inc. is not a consumer reporting agency. The Harris declaration establishes that Equifax, Inc. is not a consumer reporting agency (Harris Decl. ¶ 10) and did not prepare a consumer report regarding Mr. Ransom (Harris Decl. ¶ 6.) In fact, Equifax, Inc. is not in the business of assembling or evaluating consumer credit information or any information on consumers. (Harris Decl. ¶ ¶ 3, 5.) Based on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report on Mr. Ransom. See Slice v. Choicedata Consumer Svcs., Inc., No. 3:04-CV-428, 2005 WL 2030690, at * 3 (E.D. Tenn. 2005) (granting summary judgment in favor of Equifax, Inc. because it is not a consumer reporting agency and has not furnished or prepared a consumer report on the plaintiff).

In response, Mr. Ransom seeks to create a factual dispute on the issue of whether Equifax, Inc. is a consumer reporting agency. He submits the following documents for the Court's consideration: 1) Equifax's Inc.'s annual report filed with the Securities and Exchange Commission; (2) an email he received when he made an inquiry about his credit file; (3) a letter from a creditor, GE Capital Financial Inc., to his business advising that its request for credit was denied and (4) a letter from another creditor, Advanta, denying him credit based on a "Equifax" credit report. (DE 43.) None of these items, however, create an issue of fact precluding summary judgment.

Although Mr. Ransom contends that Equifax, Inc.'s annual report is "replete with

5

references by Defendant to itself as a credit reporting agency, and combined entity" (Resp. at 7), the annual report does not disturb the corporate distinctions between itself and its subsidiaries. Indeed, the Harris declaration explained that Equifax, Inc. is a holding company that has no income except that derived from its ownership interests in its subsidiaries and affiliates. (Harris Decl. ¶ 2.)  Nothing about the annual report serves to undermine that evidence or alter Equifax, Inc.'s distinct corporate structure designed to create separate legal entities with separate and distinct legal obligations and liabilities.  See U.S. v. Bestfoods, 524 U.S. 51, 61 (1998) (a parent corporation is not liable for the acts of its subsidiaries).

Next, the email relied upon by Mr. Ransom fails to refute the claim that Equifax, Inc. is not a consumer reporting agency and therefore does not assist him in creating a factual dispute. Merely pointing to the use of the email address "Equifax.com" or a notice at the end of an email that the message contains information from "Equifax.com" does not constitute evidence that Equifax, Inc. acted as a consumer reporting agency under FCRA.  Finally, with respect to the letters from creditors, these letters are both hearsay documents and cannot be considered on a motion for summary judgment.  See Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999).[1]

With respect to legal authority, Mr. Ransom relies upon Gohman v. Equifax Information Svcs., LLC, 395 F. Supp. 2d 822 (D. Minn. 2005).  Gohman, however, does not advance his argument.  In Gohman, the plaintiff sued Equifax Information Services, LLC, not Equifax, Inc., and it was undisputed that the defendant was a CRA. Id. at 826 n.3.  Here, the Harris declaration explained that Equifax, Inc. is not a CRA, but Equifax Information Services, LLC is a CRA.

---

[1] The Court also notes that all of the evidence submitted by Mr. Ransom is not authenticated and lacks a proper evidentiary foundation.

(Harris Decl. ¶¶ 4, 11.)  Although Mr. Ransom notes that Gohman stated that the FCRA is not limited to CRAs who own and maintain credit files, that holding has nothing to do with this case where Equifax, Inc. is not a CRA.

The Court next turns to the portion of the Amended Complaint that cites to section 1681s-2(b) of Title 15 of the United States Code. (Am. Compl. ¶ 45.)  This provision of the FCRA concerns the duties of furnishers of information to consumer reporting agencies.  The Amended Complaint states that Equifax, Inc. is both a CRA and furnisher of information. (Am. Compl. ¶¶ 9-10.)  While the FCRA does not define "furnisher," it does describe the duties of a furnisher of information.  Chang v. MBNA, 634 F. Supp. 2d 164, 167 (D. Mass. 2009); Ross v. Washington Mutual Bank, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008).  Basically, "the term 'furnisher of information' is generally understood to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness."  Ross, 566 F. Supp. 2d at 475 n.1; DiMezza v. First USA Bank, Inc., 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000).  Here, Equifax, Inc. has provided undisputed evidence that it is not a furnisher of information to a CRA.[2] (Harris Decl. ¶ 9.)  Given the absence of any evidence to create a genuine issue of

---

[2] The Court also notes that whether or not there is a private right of action under the FCRA against a furnisher of information is an open question. See Young v. Equifax Credit Info. Svcs., Inc., 294 F.3d 631, 639 (5th Cir. 2002).  To the extent it exists, the furnisher's duty under 15 U.S.C. § 1681s-2(b) is a duty to reinvestigate credit information when notice is received from a CRA, not directly from a consumer.  Id.; Jackson v. Genesys Credit Management, No.06-61500-CIV, 2007 WL 4181024, at * 2 (S.D. Fla. Nov. 21, 2007).  There is no evidence that any CRA notified Equifax, Inc. of a dispute to trigger a private cause of action under 15 U.S.C. § 1681s-2(b).

material fact on that point, Equifax, Inc. is entitled to summary judgment as a matter of law. [3]

Finally, with respect to Mr. Ransom's claim for defamation, the FCRA preempts any claim for common law defamation unless the inaccurate information was furnished with malice or willful intent to injure the plaintiff.  15 U.S.C. § 1681h(e); Bermudez v. Equifax Information Srvcs., LLC, No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161, at * 4 (M.D. Fla. Dec. 15, 2008). However, section 1681h(e) of Title 15 of the United States Code does not come into play unless the defendant is a consumer reporting agency, user of information or furnisher of information. See 15 U.S.C. § 1681h(e).[4]  Therefore, the Court need not even engage in an analysis with respect to the defamation claim because the Court has already ruled, as a matter of law, that

---

[3] It also bears noting that Mr. Ransom has not created an issue of fact regarding the accuracy of the account information that he challenges.  The undisputed evidence demonstrates that Department of Education loan was in default and that several late payments had been made with respect to that account. (October 23, 2008 Letter.)  In response, Mr. Ransom provides several pages of unsworn statements (Resp. at 12-13) that the Court cannot consider.  Without a showing that the credit report was inaccurate, there can be no liability under the FCRA for a violation of section 1681e(b). Ray v. Equifax Information Svcs., LLC, 327 Fed. Appx. 819, 826 (11th Cir. 2009); Jackson v. Equifax Information Svcs., LLC, 167 Fed. Appx. 144, 146 (11th Cir. 2006); Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).

[4] This provision provides as follows:

Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e)

Equifax, Inc. is not a CRA or furnisher of information under the FCRA.[5]

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Equifax Inc.'s Motion for Summary Judgment (DE 43) is **GRANTED**. The Court will separately issue judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge

---

[5] Significantly, Mr. Ransom's response memorandum does not address the defamation claim.